UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NATHAN EVANS,<br><br>                Plaintiff,<br><br>   v.<br><br>SNOHOMISH COUNTY CORRECTIONS, et al.,<br><br>                Defendant. | Case No. C14-258 MJP-BAT<br><br>**REPORT AND RECOMMENDATION** |

Plaintiff Nathan Evans is confined in the Snohomish County Jail. He has filed a *pro se* and *in forma pauperis* complaint under 42 U.S.C. § 1983, alleging that unknown persons at the Snohomish County Jail have denied him medical care for two months prior to the filing of his complaint in February, 2014. Dkt. 1, p. 4. He states that there is a prisoner grievance procedure at the Snohomish County Jail, he has filed a grievance, and the grievance process is not complete. *Id.*, p. 3. The Court declined to serve Mr. Evans' complaint because the complaint does not set forth enough facts upon which relief may be granted and because the complaint appears to have been prematurely filed. Mr. Evans was directed to file an amended complaint on or before April 4, 2014. Dkt. 8. He has failed to do so. The undersigned recommends that the complaint be dismissed without prejudice.

REPORT AND RECOMMENDATION - 1

**DISCUSSION**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

Plaintiff has named only the Snohomish County Jail as a defendant. 42 U.S.C. § 1983 applies to the actions of "persons" acting under color of state law. Municipalities are subject to suit under § 1983. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). However, "[i]n order to bring an appropriate action challenging the actions, policies or customs of a local governmental unit, a plaintiff must name the county or city itself as a party to the action, and not the particular municipal department or facility where the alleged violation occurred. *See Nolan v. Snohomish County*, 59 Wash.App. 876, 883, 802 P.2d 792, 796 (1990)." The Court advised Mr. Evans that if it was his intent to pursue a claim against Snohomish County, he must allege that the County's employees or agents acted through an official custom, pattern or policy that permits deliberate indifference to, or violates, his civil rights or that the County ratified the unlawful conduct. *Monell,* 436 U.S. at 690–91. He has failed to do so.

Even with such an amendment, however, it appears from the face of the complaint that Mr. Evans has brought his lawsuit in this Court prematurely. Mr. Evans states that there is a grievance procedure at the Snohomish County Jail and that he filed a grievance, but states that the grievance process is not complete. Dkt. 1, p. 3. The Prison Litigation Reform Act (PLRA)

requires inmates to exhaust all administrative remedies *before* bringing a § 1983 claim.  42 U.S.C. § 1997e(a); *Griffin v. Arpaio*, 557 F.3d 1117, 1119 (9th Cir. 2009).  To effectively exhaust his administrative remedies, an inmate must use all the formal steps of the prison grievance process.  *Id*.  Because the purpose of exhaustion is to give prison administrators a chance to resolve the issues, the inmate must exhaust each of his claims through grievances containing enough factual specificity to notify officials of the alleged harm.  *Id.* at 1120.

Mr. Evans was given an opportunity to provide the Court with information regarding his attempts to complete the grievance process so that the Court could determine whether his claim has been brought prematurely.  He has failed to do so.

## CONCLUSION

Based on the foregoing, the undersigned recommends that Plaintiff's complaint be dismissed **without prejudice.**

## OBJECTIONS AND APPEAL

This Report and Recommendation is not an appealable order.  Therefore a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case.

Any objections to this Recommendation must be filed and served upon all parties no later than Monday, **April 28, 2014.**  The Clerk should note the matter for Thursday, **May 1, 2014**, as ready for the District Judge's consideration.  Objections shall not exceed eight (8) pages.  The failure to timely object may affect the right to appeal.

DATED this 7th day of April, 2014.

BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3